WOLCOTT v. MERCHANT'S GARGLING OIL CO.

(Supreme Court, Appellate Division, Fourth Department.   November 22, 1899.)

1. CONTRACT—ACTION—CONSTRUCTION—DEFENSE—ESTOPPEL.

M. sold to W., D., and T. a recipe for the manufacture of a certain oil, and as a part of the consideration they jointly and severally agreed to pay M. a certain royalty on all oil manufactured and sold by them, their successors, personal representatives, and assigns.   Subsequently the three purchasers organized a co-partnership for the manufacture and sale of the oil, under the firm name of T. & Co.   Thereafter the firm sold its business to defendant, a corporation, which, as a part of the consideration therefor, executed an agreement to T. & Co. that it would pay the royalties which T. & Co. were obligated to pay to M.   W., D., and T. were trustees of the corporation, and W. was its president.   It for a long time paid the royalties to an assignee of M., without objection.   *Held*, that it cannot thereafter object to the payment of further royalties on the ground that its contract was with the firm of T. & Co., and not with the members thereof as individuals, and that such firm as such was not liable under the contract between M. and T., D., and W.

2. ASSIGNMENT BY EXECUTOR—ACQUIESCENCE IN CLAIM—PRESUMPTION OF DELIVERY.

Where an executor executed an assignment of the right and interest of his decedent to receive certain royalties from a manufacturer, which recited that it was made on a division of the estate of decedent as a part of the assignee's share of the estate, and the manufacturer thereafter for a period of over 30 years paid the royalties to the executor's assignee, without objection from the other heirs, it will be presumed that the assignee's claim had a legal commencement, and delivery by the executor to the heir of the assignment need not be proven.

3. ANCIENT DEED—EVIDENCE.

Where, in an action for an accounting, the plaintiff, without objection, introduced in evidence an original assignment of a right to receive royalties, which was over 30 years old, the assignment will prove itself as an ancient deed.

4. REFERENCE—EXCEPTIONS—REVIEW.

Where, in an action before a referee, a party thereto does not file any exceptions to the conclusions of law of the referee, he cannot have the facts on which they were based reviewed by the court.

Appeal from special term, Niagara county.

Action by Elizabeth Wolcott against the Merchant's Gargling Oil Company.   From a judgment in favor of plaintiff, entered on a referee's report, defendant appeals.   Affirmed.

The action was commenced on the 26th day of January, 1897, for an accounting, and to recover from the defendant the amount which should be found due upon such accounting, on account of certain royalties which it is alleged were due and owing to the plaintiff by virtue of an agreement entered into between one George W. Merchant, party of the first part, and Henry Walbridge, Barney L. Delano, and Morris H. Tucker, parties of the second part, the obligations of which agreement on the part of Walbridge, Delano, and Tucker it is alleged the defendant subsequently assumed and agreed to discharge.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

E. M. Ashley, for appellant.
David Millar, for respondent.

McLENNAN, J.   On the 1st day of August, 1853, by an agreement in writing, one George W. Merchant sold to Henry Walbridge,

Barney L. Delano, and Morris H. Tucker recipes for the manufacture of Merchant's gargling oil, together with certain stock and contracts for the sale and furnishing of gargling oil which said Merchant then had on hand in the business of manufacturing said oil, by a process of which he was the inventor. By said agreement, Walbridge, Delano, and Tucker jointly and severally agreed to pay to Merchant a certain royalty upon all gargling oil manufactured and sold by them, their successors, personal representatives, and assigns; and they further agreed that, in case they sold or disposed of such business, they would continue to be personally liable for the payment of such royalties. Subsequent to the making of such agreement, the firm of Morris H. Tucker & Co. was organized for the purpose of conducting the business of manufacturing and selling gargling oil, and was composed of Walbridge, Delano, and Tucker as co-partners. In 1858 the firm of Morris H. Tucker & Co. sold its business and all the property connected therewith owned by it to the defendant corporation, and as a part of the consideration for such sale the defendant executed an agreement to said Morris H. Tucker & Co., to the effect that it (the defendant) would indemnify and pay any royalties which the firm of Morris H. Tucker & Co. was obligated to pay to Merchant under the contract above referred to. At the time such sale was made to the defendant corporation, Walbridge, Delano, and Tucker were its trustees, and Walbridge was its president. On the 1st day of July, 1856, George W. Merchant, by an agreement in writing, sold, assigned, and transferred to Henry Walbridge an undivided one-half of his interest in and to all royalties provided to be paid to him by the agreement made between him and Walbridge, Delano, and Tucker. Thereafter, and on the 1st day of February, 1859, Henry Walbridge died, leaving a last will and testament, by which one Washington Hunt was named as executor. The will was duly admitted to probate on the 2d day of March, 1859, and thereupon Hunt entered upon the discharge of his duties as such executor. At the time of his death, Henry Walbridge was the owner of an undivided one-half interest in the royalties above referred to. He left, him surviving, Henry B. Walbridge, Hiram H. Walbridge, Mary H. Hunt, and Elizabeth Wolcott, this plaintiff, his children and only heirs at law, all of whom were living at the time of the trial of this action. On the 1st day of March, 1864, Washington Hunt, as the executor of the will of Henry Walbridge, deceased, executed an agreement by which he assumed to sell, transfer, and assign to the plaintiff all the right and interest of the estate of the testator, Henry Walbridge, in and to the royalties to which said Henry Walbridge became entitled by virtue of the agreement of July 1, 1856. The transfer and assignment made by the executor recited that it was made upon a division and settlement of the estate of said Henry Walbridge, deceased, and that the interest of the estate in said royalties was allotted and set apart to the plaintiff as a part of her share and portion of said estate. There is no direct proof that the transfer or assignment by the executor was ever delivered to the plaintiff. It appears that the executor, Wash-

ington Hunt, died February 2, 1867, and that the assignment of the executor was found, shortly before the trial of this action, among a lot of papers belonging to him, which were in boxes in the Franklin Mills Building in the city of Lockport. It does not appear that the plaintiff ever had such assignment in her possession, and she did not know of the existence of such paper until it was found. It appears, however, that at the time of the settlement of the estate, and at about the time the assignment bears date, she was informed by the executor and by the other heirs, her brothers and sisters, that the interest in the royalties owned by her father had been allotted to and belonged to her as part of her share of her father's estate. It also appears that from that time, in 1856, down to the time of the trial, all of the other heirs acquiesced in such assignment, and understood that from that time the one-half interest in such royalties belonged to the plaintiff. It also appears that after such assignment and allotment by Hunt, as executor, who was a brother-in-law of the plaintiff, he collected for a time the royalties in question from the defendant, and paid them over to the plaintiff, and that after his death one Nathan P. Courier, who was managing Hunt's estate, continued for a time to collect and pay over such royalties to the plaintiff. It appears by the books of the defendant corporation that from 1867 until 1894 it had regularly paid to the plaintiff, or to some one in her behalf, one-half of the royalties which George W. Merchant was entitled to receive by virtue of the contract entered into between him and Walbridge. Delano, and Tucker. In other words, for a period of more than 30 years after the settlement of the estate of Henry Walbridge, and the allotment to the plaintiff of a one-half interest in the royalties in question upon such settlement, and the execution of the assignment to the plaintiff of such interest by the executor, the defendant has recognized its obligation to pay such royalties, and the right of the plaintiff to receive the same; and all the other heirs of Henry Walbridge during all that time have assented to and acquiesced in such arrangement.

The learned referee found that the agreement between George W. Merchant and Walbridge, Delano, and Tucker was duly made; that by it they agreed to pay to Merchant the royalties in question; that they, under the name of Morris H. Tucker & Co., transferred said contract, and all their interest therein, to the defendant, and that as a part of the consideration therefor the defendant assumed and became obligated to pay such royalties; that thereafter George W. Merchant, for a good and valuable consideration, sold to Henry Walbridge an undivided one-half interest in said royalties; that Henry Walbridge died possessed of such interest; that by his last will and testament Washington Hunt was named as executor; that said Hunt, in the discharge of his duty as such executor, assigned and transferred the interest in said royalties of which Henry Walbridge died possessed to the plaintiff; that she is the owner of and entitled to receive the same; that the royalties unpaid at the time of the commencement of this action, together with the interest thereon, and which were due and

owing to the plaintiff, amounted to the sum of $390.40. The appellant challenges the finding of the referee that the defendant assumed the payment of the royalties which Walbridge, Delano, and Tucker obligated themselves to pay to Merchant, on the ground that the contract which the defendant made was made with the firm of Morris H. Tucker & Co., and not with the individual members thereof, and that such firm as such was not liable under the contract made with Merchant. The position is wholly untenable. The firm of Morris H. Tucker & Co. was composed of the three persons who entered into the contract with Merchant. That fact was known to the officers and trustees of the defendant corporation when it entered into the contract with that firm, and it is not disputed that the obligations to pay royalties, assumed by the defendant corporation, refers to the contract made between Merchant, of the first part, and Walbridge, Delano, and Tucker, of the second part. The defendant corporation was in full possession of all the facts relating to the transaction, and it acquiesced in the plaintiff's claim of right to receive the royalties in question, by virtue of the contract made by it, for a period of more than 30 years. It is well settled that from a long acquiescence in an adverse claim of right a presumption arises that the claim had a legal commencement. As said in 1 Greenl. Ev. § 47: "It is contrary to general experience for one man to continue to pay money to another, or to perform any onerous duty, or to submit to any inconvenient claim, unless in pursuance of some contract or other legal obligation."

The appellant also insists that the assignment from Merchant to Henry Walbridge of a one-half interest in the royalties in question, and from Washington Hunt, as executor of the Walbridge will, to the plaintiff, was not sufficiently proved. They were admitted to be original documents, and were received without objection. We think, under the circumstances, considering that the instruments were more than 30 years old, that they proved themselves. Whart. Ev. § 732, and cases cited.

The facts found by the referee were abundantly justified by the evidence, and his conclusions of law were justified by the facts found. Besides, there were no exceptions filed to the conclusions of law of the referee, and therefore the appellant is not in a position to have a review of the facts upon which they were based. Miller v. Larmer, 85 Hun, 313, 32 N. Y. Supp. 1146. The judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.